Kirk KNIGHT; Heather Knight, as Parents and Legal Guardians of their minor child J.N.K., Appellants,

v.

## WASHINGTON SCHOOL DISTRICT, Appellee.

### No. 10–3626.

United States Court of Appeals, Eighth Circuit.

Submitted: April 15, 2011.

Filed: April 27, 2011.

Stephen Walker, Saratoga Springs, UT, for Appellants.

Ernest G. Trakas, Mickes & Goldman, Mickes & Goldman St. Louis, MO, for Appellee.

Before MELLOY, GRUENDER, and BENTON, *Circuit Judges.*

PER CURIAM.

Kirk and Heather Knight appeal from the district court's[1] dismissal of their action under the Individuals with Disabilities Education Act (IDEA), in which they sought review of an administrative hearing officer's pre-hearing determination that their due process complaint notice was insufficient. Upon de novo review, *see Hastings v. Wilson,* 516 F.3d 1055, 1058 (8th Cir.2008), we conclude that the district court properly dismissed the action for lack of jurisdiction. *See* 20 U.S.C.

---

1. The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

§§ 1415(c) (governing procedure for hearing officer's pre-hearing determination of sufficiency of due process complaint notice), (f) (governing impartial due process hearings), (i)(2)(A) ("any party aggrieved by the findings and decisions made under subsection (f) or (k) ... and ... findings and decision made under this subsection" shall have right to bring civil action in federal district court); S. Rep. 108–185 (2003) ("[t]here should be no hearing or appeal in regard to the hearing officer's determination" of sufficiency of notice); *see also* Mo.Rev.Stat. §§ 162.962 (permitting party to seek judicial review of hearing panel's "decision"), 162.961.3 (indicating "decision" is one reached when, "[a]fter review of all evidence presented and a proper deliberation," hearing panel "by majority vote determine[s] its findings, conclusions, and decision in the matter in question"); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 200–01, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) (in cases of statutory interpretation, language of statute controls when it is sufficiently clear in context). We conclude, however, that the dismissal should have been without prejudice. *See Cty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir.2004) (district court generally barred from dismissing case with prejudice if it concludes subject-matter jurisdiction is lacking).

Accordingly, we modify the dismissal to be without prejudice, and affirm the dismissal as modified. *See* 8th Cir. R. 47B.